UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-23422-GAYLES

KATHY RUCKER,

        Plaintiff,

vs.

INTEGON NATIONAL INSURANCE
COMPANY,

        Defendant.
                                              /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 9]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion shall be granted.

## BACKGROUND[1]

Plaintiff Kathy Rucker is the owner of the real property in Miami Gardens, Florida (the "Property").[2] Bank of America ("BOA") held the mortgage on the Property. On June 15, 2017,

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

[2] In her response to the Motion, Plaintiff states the assessed market value of the Property in 2017. The Court, however, cannot consider this allegation as it is not in the Complaint. *Joseph v. Praetorian Ins. Co.*, No. 17-61237-CIV, 2017 WL 5634938, at *4 (S.D. Fla. Oct. 5, 2017) ("Plaintiff cannot amend the Complaint through a response to a motion to dismiss.").

1

Defendant Integon Insurance Company ("Integon") issued a lender-placed insurance policy to BOA insuring BOA's interest in the Property (the "Policy").[3] [ECF No. 9-1].

The Policy states that it "is only between [BOA] and Integon . . . [and that] [t]here is no contract of insurance between [Plaintiff] and Integon . . . ."[4] *Id.* It also provides in pertinent part:

> "LOSS" means direct, sudden and accidental physical damage to the RESIDENTIAL PROPERTY or OTHER STRUCTURES, caused by an insured peril, or theft of all or part of the covered RESIDENTIAL PROPERTY or OTHER STRUCTURES.
>
> \*\*\*
>
> Emergency Repairs. In the event of a LOSS, WE will pay the reasonable cost incurred for necessary repairs that are made solely to protect the RESIDENTIAL PROPERTY or OTHER STRUCTURES from further LOSS. This expense is included in and will reduce the Limit of Liability that applies to the damaged property.
>
> \*\*\*
>
> LOSS Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

*Id.* The Policy provides for coverage of the Property up to $133,300.00. *Id.* According to the allegations in the Complaint, BOA's interest in the Property is less than the coverage provided under the Policy.

---

[3] The Court may consider an extrinsic document, such as the Policy, on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Bank of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Plaintiff does not contest the authenticity of the Policy and it is central to Plaintiff's claims.

[4] The Policy defines BOA as the "Named Insured" and Plaintiff as the "Borrower." In addition, the Policy provides that "You", "Your", and "Yours" refers to Named Insured/BOA and that "We" and "Us" refers to Integon. [ECF No. 9-1].

On September 9, 2017, Hurricane Irma damaged the Property. After the storm, Plaintiff paid for emergency repairs to protect the Property from further damage. In addition, on March 5, 2018, a shower pan leak caused damage to the Property. Plaintiff made claims against the Policy for the Hurricane Irma damage and repairs and for damages caused by the shower pan leak. Integon has not made any payments to Plaintiff.

On May 17, 2019, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging claims against Integon for breach of contract as omnibus insured for failure to reimburse Plaintiff for the emergency repairs after Hurricane Irma (Count I), breach of contract as third-party beneficiary for failure to compensate Plaintiff for covered losses after Hurricane Irma (Count II), and breach of contract as third-party beneficiary for failure to compensate Plaintiff for the losses resulting from the shower pan leak (Count III). Integon removed the action to this Court on the basis of diversity jurisdiction. On October 10, 2019, Integon moved to dismiss arguing Plaintiff has no standing and fails to state a claim as either an omnibus insured or third-party beneficiary of the Policy. The Court agrees.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

"Ordinarily, only parties to a contract or third-party beneficiaries have standing to sue for breach of the contract." *Mustakas v. Integon Nat'l Ins. Co.*, No. 9:19-cv-80911, 2019 WL 6324259, at *2 (S.D. Fla. Nov. 26, 2019). It is undisputed that Plaintiff is not a party to the Policy. Plaintiff, however, contends that she has standing to sue under the Policy as either an omnibus insured or a third-party beneficiary. The question of whether a third-party beneficiary or omnibus insured has standing to sue is generally "limited or precluded by the contract at issue, subject to applicable law." *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848, 2019 WL 8508084, at *2 (S.D. Fla. Jan. 10, 2019). In a diversity action, the Court applies the substantive law of the state to construe the insurance contract. *Id.* Here, the Court looks to Florida law.

### I. Omnibus Insured

In Count I, Plaintiff contends that she can bring a claim under the Policy for reimbursement for emergency repairs as an omnibus insured. Florida courts define omnibus insured as "one who is covered by a provision in the policy but not specifically named or designated." *Cont'l Cas. Co. v. Ryan Inc.*, 974 So. 2d 368, 374 (Fla. 2008). For example, a pedestrian struck by a motor vehicle may be considered an omnibus insured where the vehicle's insurance policy states that it covers medical expenses for pedestrians struck by the vehicle. *See, e.g.*, *Indus. Fire & Cas. Ins. Co. v. Prygrocki*, 422 So. 2d 314, 315 (Fla. 1982). In addition, "the rights of an 'omnibus insured' flow 'directly from his or her status under a clause of the insurance policy without regard to the issue of liability.'" *Cont'l Cas. Co.*, 974 So. 2d at 374 (quoting *State Farm v. Kambara*, 667 So. 2d 831, 831–32 (Fla. 4th DCA 1996)).

"[T]he hallmark of an omnibus insured is being 'covered by a provision in the policy but not specifically named or designated.'" *Mustakas*, 2019 WL 6324259, at *2 (quoting *Cont'l Cas. Co.*, 974 So. 2d at 374). Here, the Policy expressly refers to Plaintiff and sets forth that she is only covered under limited circumstances as a simple loss payee. Accordingly, Plaintiff is not an omnibus insured.

Plaintiff contends that the Policy's "Emergency Repairs" provision extends coverage to her as an omnibus insured. Not so. That provision details when emergency repairs are covered under the Policy: in the event of loss, Integon will pay for reasonable repairs to protect the Property from further loss. However, the Emergency Repairs provision must be read in conjunction with the Policy's "Loss Payment" provision, which details how benefits will be paid. According to the Loss Payment provision, Integon will adjust each loss with BOA and pay BOA, though Plaintiff (as borrower) may be entitled to payment of a residual amount as a simple loss payee where the amount of loss exceeds the unpaid principal balance of the mortgage. As Plaintiff fails to allege that the loss amount exceeds the unpaid principal balance of the mortgage, she has not established rights under the Policy. Therefore, Plaintiff has no standing to bring a breach of contract claim under the Policy as an omnibus insured.

## II.   Third-Party Beneficiary

In Counts II and III of the Complaint, Plaintiff alleges that she is a third-party beneficiary to the Policy by virtue of her "insurable interest" in the Property. Under Florida law, Plaintiff, as owner, has an insurable interest in the Property. *See* Fla. Stat. § 627.405(2) ("'Insurable interest' . . . means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."); *see also Harnarrine*, 2019 WL 8508084, at *3. However, "[t]here is no *per se* rule in Florida that a

party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." *Harnarrine*, 2019 WL 8508084, at 4.[5] Rather, the Court must determine whether, pursuant to the terms of the Policy, Plaintiff has standing to bring her claims as an intended third-party beneficiary under Florida law.

To state a claim for breach of contract as a third-party beneficiary, Plaintiff must allege "(1) the existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." *Mustakas*, 2019 WL 6324259, at * 2 (quoting *Found. Health v. Westside EKG Assoc.*, 944 So. 2d 188, 195 (Fla. 2006)). The Court's primary inquiry is whether BOA and Integon "had a clear or manifest intent" to "primarily and directly benefit" Plaintiff. *Id.* "To find the requisite intent, it must be established that the parties to the contract actually and expressly intended to benefit the third party; it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party." *Biscayne Inc. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 254 (Fla. 3d DCA 2005). Here, the language of the Policy expressly excludes Plaintiff from coverage: "[t]here is no contract of insurance between [Plaintiff] and Integon . . . ." [ECF No. 9-1]. This language, "clearly and unambiguously shows that the BORROWER, i.e. Plaintiff, is not an intended third-party beneficiary of the Policy, except possibly" as a simply loss payee. *Hogan v. Praetorian Ins. Co.*, No. 17-cv-21853, 2017 WL 5643234, at *5 (S.D. Fla. Jul. 31, 2017); *see also Arias v. Integon*,

---

[5] Courts in this district routinely hold that an insurable interest under § 627.405, without more, is not enough to confer standing to sue under an insurance contract as a third-party beneficiary. *See, e.g.*, *Harnarrine*, 2019 WL 8508084, at *3. However, some courts in the Middle District of Florida have held that homeowners under lender-placed insurance policies have standing to sue based solely on their insurable interest. *See, e.g.*, *Conyers v. Balboa Ins. Co.*, 935 F. Supp. 2d 1312, 1316–17 (M.D. Fla. 2013); *Kelly v. Balboa Ins. Co.*, 879 F. Supp. 2d 1262, 1266–67 (M.D. Fla. 2012). These cases are distinguishable because they do not "involve policies that contain the clear or manifest intent not to primarily and directly benefit the third party." *Hogan v. Praetorian Ins. Co.*, No. 1:17-cv-21853, 2017 WL 5643234, at *4 (S.D. Fla. July 31, 2017) (internal quotations omitted).

No. 18-22508-CIV, 2018 WL 4407624, at *4 (S.D. Fla. Sep. 17, 2018) (holding that a policy with identical language "could not be clearer in expressing the contracting parties' intent not to primarily and directly benefit the Plaintiff-borrower."). Indeed, courts in this district consistently hold that "lender-placed policies such as this one do not confer upon a borrower intended third-party beneficiary status." *Arias*, 2018 WL 4407624, at *4; *see also Bajduan v. Integon Nat'l Ins. Co.*, 2019 WL 8014367, at *5 (S.D. Fla. Sep. 30, 2019) (lender-placed policy with identical language did not confer third-party beneficiary status on borrower); *Harnarrine*, 2019 WL 8508084, at *5 ("[C]ourts appear to have uniformly determined that a homeowner cannot state a third-party beneficiary claim for breach of a force-placed insurance contract where the subject policy language contains a clear and manifest intent not to primarily and directly benefit the homeowner/borrower."). Accordingly, pursuant to the plain language of the Policy, Plaintiff has no standing under the Policy as a third-party beneficiary and her claims must be dismissed.[6]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint [ECF No. 9] is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice.

2. This action is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of May, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[6] While Plaintiff is precluded by the plain language of the Policy from filing an amended complaint as an omnibus insured or third-party beneficiary, the Court dismisses Plaintiff's complaint without prejudice as she potentially could state a claim as a simple loss payee.